UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

| STEWART MARTIN, | |
|---|---|
| Plaintiff, | |
| -v.- | |
| NATIONAL RAILROAD CORPORATION D/B/A AMTRAK, NEW YORK CITY TRANSIT AUTHORITY, AND LONG ISLAND RAILROAD COMPANY, | 18-CV-9688 (ALC)<br><br>**OPINION & ORDER** |
| Defendants | |

**ANDREW L. CARTER, JR., United States District Judge:**

After Stewart Martin slipped and fell at Penn Station, he sued three rail carriers in New York Supreme Court.

Martin filed the suit on August 17, 2018 and served Amtrak with the Summons and Complaint on September 24. On October 22, Amtrak removed the action to federal court, asserting subject matter jurisdiction under 28 U.S.C. § 1349. Amtrak served Stewart with the removal petition on October 22, 2018; Martin filed a motion to remand on May 21, 2019. At the time of removal, only two carriers—Amtrak and NYCTA—had been served with the state court complaint.

1

Martin seeks remand because "the causes of action that are alleged exist by virtue of New York State Law and as such, should be tried in New York State Supreme Court." and because Amtrak did not obtain consent to remove this action from NYCTA. **Plaintiff's Motion to Remand p. 1**.

Martin's concern that New York state law, as opposed to federal law, will govern the trial of the case is too little to overcome this court's jurisdiction. His claim that the NYCTA did not consent to removal comes too late.

## SUBJECT MATTER JURISDICTION

To remove a case from state court, the defendant must assert a proper basis for subject matter jurisdiction. The lack of subject matter jurisdiction may be raised at any time. **28 U.S.C. § 1447 (c)**.

28 U.S.C. § 1349 states "the district courts shall not have jurisdiction of any civil action by or against any corporation upon the ground that it was incorporated by or under an Act of Congress *unless* the United States is the owner of more than one-half of its capital stock." (emphasis added). In other words, if Congress creates a corporation, and the U.S. owns more than one half of the stock of that corporation, federal district courts have jurisdiction over any case in which that corporation sues or is sued.

Amtrak, a defendant in this case, was created by the Rail Passenger Services Act of 1970, 49 U.S.C. § 24101, and the United States owns all of Amtrak's issued and outstanding preferred stock. **Defendant's Memo of Law p. 9**. Thus, federal courts have subject matter jurisdiction over actions involving Amtrak. *Wyant v. National*

2

*R.R. Passenger Corp*, 881 F. Supp. 919, 924 (S.D.N.Y. 1995). "Amtrak is correct that the law is well-settled that federal courts have federal question jurisdicition over suits by or against Amtrak under 28 U.S.C. § 1331." *Certain Underwriters at Lloyd's v. Amtrak*, 162 F. Supp 3d 145,150 n.3 (E.D.N.Y. 2016).

Yet Plaintiff claims this court lacks jurisdiction since New York state law will need to be applied to the substantive issues in this case. The plaintiff's argument is nugatory. In this circuit, district courts frequently apply New York substantive law in cases removed pursuant to 28 U.S.C. § 1349. *See generally Yegoryan v. Amtrak*,08-Civ-1308 (FB), 2008 U.S. Dist LEXIS 87672 (E.D.N.Y. October 10, 2008; *Olesky v. Amtrak*, 97-Civ-3529 (MJL), 1999 U.S. Dist LEXIS 12099 (S.D.N.Y. August 5, 1999).

**THE RULE OF UNANIMITY**

When multiple defendants are sued in state court, all defendants who have been served must consent to the removal. *Siverls-Dunham v. Seung Huen Lee*, No. 05-Civ-7518 (PKC), 2006 U.S. Dist LEXIS 8021at 8 (S.D.N.Y. Feb. 27, 2006). This is concept is referred to as the rule of unanimity. *Owczarek v. The Austin Co.*, No. 03-CViv-0750E(F), 2004 LEXIS 5019 (W.D.N.Y Feb. 11, 2004).

Even though Amtrak claims that NYCTA—the other defendant who was served at the time of removal—consented to removal, plaintiffs point out that there is nothing in the record demonstrating affirmative consent from NYCTA. Indeed, "[A] majority of courts have held that a representation by one defendant in the notice of removal that all defendants have consented [is] insufficient, requiring instead that each defendant independently notify the court of its consent." *Id.*

3

(internal quotations and citation omitted). But Plaintiff waived this issue by waiting too long to raise it.

Under 28 U.S.C. 1447(c), a motion to remand raising a procedural defect must be filed within 30 days. *Siverls-Dunham v. Seung Huen Lee*, No. 05-Civ-7518 (PKC), 2006 U.S. Dist LEXIS 8021 at 9 (S.D.N.Y. Feb. 27, 2006). The rule of unanimity is considered a procedural issue, not a jurisdictional one. *Id* at 10. Plaintiff filed the motion to remand approximately 7 months after they were served with the notice of removal. Concerning this delay, Plaintiff proffers no excuse. While Plaintiff's concern may have merit, the objection is long overdue; to contest the rule of unanimity, the objection must be filed within 30 days. The motion to remand is denied in its entirety.

SO ORDERED:

Dated: New York, New York

October 31, 2019

ANDREW L. CARTER, JR.
United States District Judge

4